Charles E. Stone and Micheline Stone v. Commissioner.
Stone v. Commissioner
Docket No. 4076-68.
United States Tax Court
T.C. Memo 1969-265; 1969 Tax Ct. Memo LEXIS 32; 28 T.C.M. (CCH) 1351; T.C.M. (RIA) 69265; December 9, 1969, Filed Charles E. Stone, 909 4th Ave., Mukilteo, Wash., for the petitioners. Stephen E. Silver, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent has determined the following deficiencies with respect *33 to petitioners' income taxes for the taxable years 1964 and 1965: Year
Deficiency
1964
$471.65
1965
585.64
The sole issue for decision is the amount of petitioners' deduction for travel expenses incurred while away from home for the taxable years 1964 and 1965. Findings of Fact Petitioners Charles E. Stone (hereinafter referred to as petitioner) and Micheline Stone are husband and wife. They were residents of Mukilteo, Washington, at the time of the filing of their petition in this case. They filed Federal income tax returns for the years 1964 and 1965 on the calendar-year basis with the district director of internal revenue, Tacoma, Washington. Petitioner has been employed by the Boeing Company (hereinafter referred to as Boeing) as an engineer since 1950. Prior to July 1962 petitioner was a resident of Seattle, Washington, and worked in that vicinity. In July 1962 petitioner began to work "in the field," i.e., to travel from one missile project to another in order to supervise the installation of missiles for his employer. Petitioner's stay at each location was temporary, the length of each assignment ranging from approximately 3 to 11 months. Petitioner *34 remained at a particular location until he received a notice from Boeing entitled "Travel Authorization" directing him to report to a new post of duty. In many cases an estimated departure date was also included in the Travel Authorization. Petitioner traveled directly from one station to the next. He did not return to Seattle before April 1967; nor did he maintain any residence in Seattle during the five-year period that he remained in the field. Shortly after his return to Seattle in 1967, petitioner purchased a home in Mukilteo, Washington. Petitioner was stationed at the following locations from July 1962 to April 1967 for the period indicated: Location
Period of Stay
Great Falls, Montana
7/23/62-11/ 7/62
Lewistown, Montana
11/ 7/62- 7/ 1/63
Minot & Max, North Dakota
7/ 1/63- 1/27/64
Appleton City, Missouri
1/27/64- 5/ 7/64
Kimball, Nebraska
5/ 7/64- 4/19/65
Chugwater, Wyoming
4/19/65- 7/ 5/65
Grand Forks, North Dakota
7/28/65-10/ 1/65
Adams, North Dakota
10/ 1/65-12/31/65
Finley, North Dakota
12/31/65-11/10/66
Conrad, Montana
11/10/66- 4/24/67
With the exception of the approximately 2 1/2 month period of petitioner's stay at Chugwater, *35 petitioner's family, consisting of a wife and one son, lived together with him at the above-stated locations during the 5-year period that he was away from Seattle. Petitioner resided with his family in mobile housing units located near his jobsite which he rented from Boeing for the course of his stay at a particular post of duty. During the 78-day period of his Chugwater assignment petitioner's family remained in Kimball, Nebraska, while he worked and resided at Chugwater. The distance between Chugwater and Kimball is approximately 80 miles. In addition to his usual compensation, petitioner was provided a per diem allowance while on assignment at the rate of $13 per day for the first 30 days, $11 per day for the next 60 days, and $9 per day thereafter. Petitioner's per diem allowances for 1964 and 1965 respectively amounted to $2,007 and $2,662. Petitioner was reimbursed for the use of his automobile while traveling at the rate of 8 cents per mile and also received a per diem allowance for days of travel. On his Federal income tax returns for the years 1964 and 1965, respectively, petitioner deducted $2,007 and $2,662, representing amounts received as per diem allowances during *36 those years. Petitioner claims in his petition additional deductions of $2,626 and $1,797 for the years 1964 and 1965, respectively, as expenses incurred in excess of the payments received from his employer during those years, resulting in an alleged overpayment of $555.60 in 1964 and $342.49 in 1965. Respondent has conceded for the purpose of this case the 1353 deductibility of the per diem allowance attributable to petitioner's 78-day stay at Chugwater but has disallowed the balance of the claimed deduction on the ground that petitioner was not away from home during 1964 or 1965, except for the period of his Chugwater assignment. Opinion The sole issue for decision is the amount of petitioner's deduction for travel expenses incurred while away from home for the taxable years 1964 and 1965. Section 162(a)(2) [1] provides that a deduction shall be allowed for traveling expenses incurred while "away from home" in the pursuit of a trade or business. It is clear in the instant case that petitioner was not away from home during the taxable period in question. Petitioner neither maintained any residence *37 nor had a place of employment at any location other than his assigned posts of duty during this period. Thus, whether the term "home" in section 162 is taken to mean residence or place of employment, petitioner has plainly failed to satisfy the away from home requirement of section 162. (C.A. 9, 1962); . The fact that Boeing's headquarter was in Seattle is irrelevant in this respect. It is the place where a taxpayer has actually performed his duties which determines the location of his principal place of employment. . Accordingly, except for the travel expenses in the amount of petitioner's per diem allowances attributable to his Chugwater assignment which respondent has conceded for the purposes of this case are deductible, petitioner is not entitled to any deduction for travel expenses incurred in 1964 and 1965. Although petitioner claims that his travel expenses exceeded the amount of his per diem allowances, in view of his failure to substantiate this claim as required by section 274(d), [2] such expenses are not deductible. *38 Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩
2. SEC. 274(d). Substantiation Required. - No deduction shall be allowed - (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home). * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item * * *↩